UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULTIMATE TIMING, L.L.C., a Washington limited liability company; and ARASH KIA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SIMMS, an individual; SA INNOVATIONS, LLC d/b/a SAI TIMING & TRACKING, a Michigan limited liability company,<br><br>Defendants. | Case No. C08-1632MJP<br><br>ORDER ON MOTION TO DISMISS AND MAKE MORE DEFINITE DEFENDANTS' COUNTERCLAIMS AND MOTION TO EXTEND DEADLINES |

This matter comes before the Court on Plaintiffs' motion to dismiss and make more definite Defendants' counterclaims and Plaintiffs' motion to extend deadlines for joining additional parties and filing amended pleadings. (Dkt. Nos. 24, 32.) The Court has reviewed the motions, Defendants' responses (Dkt. Nos. 28, 36), Plaintiffs' replies (Dkt. Nos. 30, 38), and all other pertinent documents in the record. For the reasons set forth below, the Court DENIES Plaintiffs' motion to dismiss and make more definite Defendants' counterclaims and DENIES Plaintiffs' motion to extend deadlines.

**Background**

This dispute concerns an oral joint venture agreement ("JVA") and written non-disclosure agreement ("NDA") between Plaintiffs and Defendants related to the development and sale of a purportedly novel timing system for athletic events. (See Compl. ¶¶ 11-37.)

ORDER - 1

The JVA and NDA arose from a series of meetings between Kia and Simms in June 2007. (Compl. ¶¶ 17-23; Ans. ¶¶ 17-23.) Plaintiffs allege that the JVA included detailed business arrangements related to the timing system, including the formation of five distinct business entities, profit and ownership sharing, startup funding arrangements, a promotion and marketing agreement, and a non-compete provision. (Compl. ¶¶ 23-33.) They also claim that Simms signed a valid NDA, and that Defendants later violated both the NDA and the JVA. (Id. ¶¶ 21-22, 34-37.) Plaintiffs assert claims for breach of the JVA, breach of the NDA, breach of fiduciary duty, misappropriation of trade secrets, conversion, unjust enrichment, accounting, knowingly providing substantial assistance, and acting in concert or pursuant to a common design.

Defendants assert that the parties never agreed to any formal business relationship, but rather reached only an informal agreement, which Plaintiffs breached. (Ans. ¶¶ 20, 23-33; Countercls. ¶¶ 16, 20-21.) Defendants dispute the validity of the NDA, and deny having violated its terms. (Ans. ¶¶ 21-22, 35; Countercls. ¶ 17.) Defendants filed counterclaims for breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, conversion, accounting, misrepresentation, and declaratory judgments regarding the JVA, NDA, alleged fiduciary duty, and alleged trade secrets.

**Analysis**

**I.  Counterclaims One Through Six**

Plaintiffs claim that counterclaims one through six are "so vague and confusing that [they] are unable to prepare a response," and request clarification under Federal Rule of Civil Procedure 12(e). (Dkt. No. 24 at 3.) A claim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(e) allows a

party to request a "more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion under Rule 12(e) should only be granted if the moving party cannot reasonably respond to the complaint "in good faith [and] without prejudice to [itself]." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("Wright & Miller") § 1376 (3d ed. 2004). The Rule is designed to remedy unintelligibility, not to address a general lack of detail. See id., nn.17-18 (12(e) motion is not a discovery device).

Defendants' counterclaims cannot reasonably be characterized as "unintelligible," and are not so confusing as to preclude a response from Plaintiffs. Plaintiffs have intimate, first-hand knowledge of the meetings and agreements at issue. (See Compl. ¶¶ 17-37; Countercls. ¶¶ 11-28.) There are only two relatively simple contracts between the parties. The counterclaims provide Plaintiffs with sufficient notice of the claims against them that they can respond "in good faith [and] without prejudice to [themselves]." 5C Wright & Miller § 1376.

Plaintiffs also complain about inconsistencies between Defendants' answer, affirmative defenses, and counterclaims. (Dkt. No. 24 at 4-5.) This argument ignores Rule 8(d)(3), which explicitly allows inconsistent pleadings: "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Plaintiffs cannot properly support a 12(e) motion by identifying a feature of Defendants' pleading that Rule 8(d)(3) specifically allows, because Rule 12(e) is simply a mechanism to enforce the provisions of the other pleading Rules, including Rule 8. Plaintiffs have not demonstrated a valid basis for granting a 12(e) motion, and the Court therefore denies Plaintiffs' motion to clarify counterclaims one through six.

**II.     Counterclaims Seven Through Ten**

Plaintiffs have moved under Rule 12(b)(6) to dismiss counterclaims seven through ten, which request declaratory judgments regarding the nature of the JVA and NDA. (Dkt. No. 24 at 5-7.) A court may entertain a declaratory judgment action if it presents "a substantial

ORDER - 3

controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Seattle Audubon Soc'y v. Moseley, 80 F.3d 1401, 1405 (9th Cir. 1996). "[T]he requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions." Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc., 560 F.3d 935, 943 (9th Cir. 2009).

Plaintiffs assert that litigating their own claims will obviate the need for the declaratory judgment counterclaims. (Dkt. No. 24 at 6-7.) Regardless of the merits of this argument, it does not support dismissal under Rule 12(b)(6), which addresses only claims that "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Each of counterclaims seven through ten properly alleges an actual, substantial controversy between adverse parties—a point Plaintiffs do not challenge. (See Countercls. ¶¶ 51, 53, 55, 57.) Plaintiffs also do not allege that the counterclaims fail to meet the requirements of Rule 8(a). Because each counterclaim establishes the existence of a justiciable controversy between the parties and properly states a claim upon which relief can be granted, the Court denies Plaintiffs' motion to dismiss counterclaims seven through ten.

### III. Motion to Extend Deadlines

Plaintiffs assert they are entitled to an extension of the deadlines for joining additional parties and filing amended pleadings because they have not received documents from certain nonparties. (Dkt. No. 32 at 1.) The parties have already received one extension of these deadlines. (Dkt. No. 23.)

Plaintiffs' supporting declaration identifies two subpoenas that have been quashed (ChronoTrack and Tacit) and three subpoenas that have been supplanted with more narrow requests with response deadlines falling after the current joinder deadline (Burns, BCS, Simmco). (Wright Decl.) Plaintiffs point to three other nonparties who have agreed to respond (Impinj, Active Network, Lexmark), though Plaintiffs do not explain whether

deadlines for responses have been set. (Id.) Finally, Plaintiffs recently served subpoenas on May 12, 2009 (Gault, MPI) and could not have expected a response before the current May 26, 2009 joinder deadline. (Id.) Simply put, Plaintiffs have not presented sufficient information to establish good cause for an extension of the deadlines. Plaintiffs' failure to issue subpoenas in a timely manner is not grounds for an extension of the deadlines at issue. An extension of the joinder and amended pleadings deadlines would be inappropriate.

**Conclusion**

Defendants' counterclaims one through six notify Plaintiffs of Defendants' claims with sufficient clarity to allow Plaintiffs to respond, and the Court therefore DENIES Plaintiffs' motion for a more definite statement. The Court also DENIES Plaintiffs' motion to dismiss counterclaims seven through ten, each of which properly states a claim upon which relief can be granted. The Court DENIES Plaintiffs' motion for an extension of time.

The Clerk is directed to send a copy of this order to all counsel of record.

DATED this 26th day of June, 2009.

Marsha J. Pechman
United States District Judge