The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ULTIMATE TIMING, L.L.C., a Washington limited liability company and ARASH KIA, an individual,

Plaintiffs,

v.

DAVID SIMMS, an individual, and SA INNOVATIONS, LLC, d/b/a SAI TIMING & TRACKING, a Michigan limited liability company,

Defendants.

Case No. C08-1632 MJP

**ORDER ON MOTIONS TO SEAL**

This matter comes before the Court on two motions to seal. (Dkt. Nos. 113 and 117.) Neither party has filed a response or a reply. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' motion and DENIES Defendants' motion. To avoid any prejudice either party may suffer from the disclosure of potential trade secrets, the Court gives each party four days to file any renewed motion to seal that cures the numerous defects noted below. If no renewed motion is filed, the documents referenced shall be unsealed.

**Background**

This dispute concerns an alleged oral joint venture and alleged written non-disclosure agreement between Plaintiffs and Defendants related to the development and sale of a purportedly novel timing system for athletic events. On February 16, 2010, Plaintiffs and Defendants filed cross motions for partial summary judgment. (Dkt. Nos. 110, 115.) These motions come ripe for consideration on March 12, 2009. Both parties have filed motions to seal certain documents submitted in support of their motions.

**Discussion**

Even though the right of access is not absolute, "courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Two different standards govern motions to seal. See Pintos v. Pacific Creditors Assoc., 565 F.3d 1106, 1115 (9th Cir. 2009). First, a party seeking to preserve "judicial records" under seal must satisfy the "compelling reasons" standard. Id. Second, discovery documents that may be presented in conjunction with nondispositive motions that do not become part of the judicial record may be sealed for "good cause." Id.; see also Fed. R. Civ. P. 26(c).

All the documents at issue have been filed in connection with motions for partial summary judgment and, as such, may only be kept under seal if the parties present "compelling reasons" for preserving them under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006). To satisfy this burden, a party must "articulate compelling reasons supported by specific factual findings." Id. at 1178 (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). A court must then balance the public's interest in access against the proffered reasons. Id. If the court agrees that the party's compelling reasons outweigh the public's right to access, it must "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (quoting Hagestad v. Tragesser, 49

F.3d 1430, 1434 (9th Cir. 1995)). Broadly, a party's reasons are sufficiently compelling when the judicial record itself may become "a vehicle for improper purposes." Id. at 1179 (quoting Nixon, 435 U.S. at 598) (Examples of improper purposes include "the use of records to gratify public spite, promote public scandal, circulate libelous statements, or release trade secrets."). In Clark v. Bunker, the Ninth Circuit adopted the Restatement's definition of trade secret:

> "A trade secret is a process or device for continuous use in the operation of the business. Restatement of Torts, § 757, Comment b, p. 5. It therefore does not include "simply information as to single or ephemeral events in the conduct of business, as, for example, the . . . date fixed for the announcement of a new policy or for bringing out a new model or the like." Id. With this exception, no category of information is excluded from protection as a trade secret because of its inherent qualities. "A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Id.

453 F.2d 1006, 1009 (9th Cir. 1972); see also In re Electronic Arts, 298 F. App'x 568, 569 (9th Cir. 2008) (citing Clark).

Local Rule 5(g)(2) mirrors the standard articulated in Kamakana: "With regard to dispositive motions, [the presumption of public access] may be overcome only by a compelling showing that the public right's to access is outweighed by the interests of the public and the parties in protecting the court's files from public view." A party seeking to preserve documents under seal bears the burden of presenting a "clear statement of the facts justifying sealing." CR 5(g)(4). Because parties must frequently file documents that their opponents have designated as "confidential," the motion to seal often serves merely as a placeholder. The party bearing the burden under the Local Rule must then file a response articulating the facts that justify the preservation of records under seal. The Court has previously reminded the parties of the burdens contemplated by the Local Rules. (Dkt. No. 70 (Minute Order denying without prejudice motions to seal documents Plaintiffs designated confidential).)

With these standards in mind, the Court turns to each party's motion.

I. Plaintiffs' Motion to Seal (Dkt. No. 113)

Plaintiffs' filed a motion to seal documents attached to the Declaration of Richard Baum. There are three broad categories of documents identified in the motion: (1) those Plaintiffs identify as confidential, (2) those certain nonparties have designated as "highly confidential," and (3) those Defendants designated at confidential. As a preliminary matter, Plaintiffs have not filed the documents they proposed to preserve under seal in a workable format. Plaintiffs' submission on CM/ECF (Dkt. No. 114) lumps the exhibits together as a unified Portable Document Format ("PDF") document. This single filing makes it impossible for the Clerk to preserve some of those documents under seal while unsealing others. The Court therefore directs Plaintiffs to re-file the exhibits they propose to preserve under seal as separate attachments. (See Dkt. No. 118.) Counsel may contact the Clerk's office with any questions about how to complete the filing.

    a. Plaintiffs' Designations

Plaintiffs have met their burden to preserve exhibits 16, 32, and 35 under seal, but have not made the requisite showing in support of the other documents they have designated as confidential.

First, Plaintiffs have presented insufficient compelling reasons to preserve the entirety of exhibit 1 of the Baum Declaration under seal. (Dkt. No. 113 at 2.) Exhibit 1 contains all excerpts of the deposition transcript of Plaintiff Kia cited in Plaintiffs' briefing—a total of 45 pages of transcript. The motion provides a specific description of the trade secrets analyzed in the deposition, but it appears as if only certain portions of the transcript refer to the secrets at issue. Nevertheless, Plaintiffs move to seal all excerpts of the deposition, even those that do not discuss how to encode Class 1 Gen 2 UHF tags. While compelling reasons may exist to seal certain pages of the Kia deposition, Plaintiffs' request is overbroad.

Second, though Plaintiffs seek to seal exhibit 12 because the email includes a spreadsheet, it does not appear as if the spreadsheet has actually been attached to the document filed with the Court. (Dkt. No. 113 at 2; see also Dkt. No. 114 at 48 (UNDER SEAL).) Absent the attached spreadsheet, it is unclear whether the trade secret rationale applies.

Third, the Court finds Plaintiffs have presented compelling reasons to preserve exhibits 16, 32, and 35 to the Baum Declaration under seal. Accepting counsel's representations as true, these documents include specifications for potential products that fall within the definition of trade secrets set forth in Clark.[1] The Court makes this finding in spite of the short shrift Plaintiffs make of the public's interest. Plaintiffs repeatedly assert: "The public's interest in having access to this information is minimal, if any, and outweighed by the proprietary and confidential information contained within. This information, if revealed to the public, could be detrimental to Plaintiffs' . . . businesses." (Dkt. No. 113 ¶¶ 1, 2, 3, 4, 5, 6.) The Court requests that, in future submissions, Plaintiffs craft their analysis to acknowledge the common-law right to access judicial records. See Nixon, 435 U.S. at 597

To avoid any potential prejudice Plaintiffs may suffer if the exhibits are unsealed, the Court grants Plaintiffs leave to file a renewed motion that cures the defects noted with respect to exhibits 1 and 12.

### b. Nonparty Designations

Plaintiffs agree with Silicon Engines' designation of exhibit 31 as "highly confidential" and move to seal the document. (Dkt. No. 113 at 2.) The Court finds Plaintiffs have presented compelling reasons to preserve exhibit 31 to the Baum Declaration under seal because it includes technical specifications for an antenna. (Id.)

---

[1] The Court notes that this finding is limited to the determination required on the motion to seal. On the merits of the motion, the Court may have to decide whether the information is actually a trade secret. This Order shall have no bearing on the Court's ruling on the cross-motions for summary judgment.

Plaintiffs move to seal exhibits 59, 60, 65, 66, 71, 75, 80, and 81 to the Baum Declaration. Plaintiffs note these documents have been designated "highly confidential" by nonparties ChronoTrack and Tacit and Plaintiffs do not believe the information needs to be filed under seal. (Dkt. No. 113 at 3-4.) The nonparties entered into to the Stipulated Protective Order adopted by this Court. (See Dkt. Nos. 26, 31.) The Stipulated Protective Order provides that the parties must comply with all relevant provisions of Local Rule 5(g) and, as such, the party designating a document "highly confidential" bears the burden under Kamakana. (Dkt. No. 26 ¶ 22.) ChronoTrack and Tacit have not, however, provided any statement on which the Court could make any factual findings. In fact, it is unclear from the record whether ChronoTrack and Tacit have been notified of Plaintiffs' use of the documents in support of their motion.

While the Stipulated Protective Order does not outline a procedure for allowing nonparties to file briefing in support of a motion to seal, it does contemplate a method for the presentation of designated documents in open court. (Id. ¶ 25.) Because evidence submitted in support of a motion for summary judgment is akin to evidence presented at trial, the Court believes a similar procedure is appropriate. The Court therefore directs Plaintiffs to serve a copy of this Order on ChronoTrack and Tacit as soon as possible, but no later than four days from the date of this Order. Plaintiffs must file a notice they have completed such service. If they wish to preserve their designations and protect their documents under seal in this matter, ChronoTrack and Tacit must file a brief that comports with the standards set forth above. Any nonparty brief must be filed no later than ten days from the date the nonparty is served with this Order. In the absence of any timely filing that meets the requirements of Local Rule 5(g), exhibits 59, 60, 65, 66, 71, 75, 80, and 81 to the Baum Declaration shall be unsealed.

  c. Defendants' Designations

Relying on Defendants' designation, Plaintiffs seek to file exhibit 76 to the Baum Declaration under seal. (Dkt. No. 113 at 4.) Defendants have not filed a response. In the

absence of a response, the Court cannot make a factual determination that the exhibit should indeed be preserved under seal. The Court therefore denies Plaintiffs' motion with respect to this exhibit. Unless Defendants file a renewed motion, within four days of this Order, that makes the requisite factual showing, exhibit 76 shall be unsealed.

II.     Defendants' Motion to Seal (Dkt. No. 117)

Pursuant to Plaintiffs' confidentiality designations, Defendants filed a placeholder motion to seal certain documents. (Dkt. No. 117.) Defendants do not believe the documents are in fact confidential. (Id. at 2.) Plaintiffs have not filed a response and, thus, the Court cannot make a factual finding that compelling reasons exist to preserve the documents under seal. Plaintiffs' failure to respond is particularly puzzling in light of Defendants' inclusion of deposition transcripts Plaintiffs have moved to seal in their own declaration. (Id. at 2 (exhibit 20).) On the record presented, the Court must deny the motion to seal. To avoid any potential prejudice, the Court gives Plaintiffs' leave to file a motion to seal documents presented in the Fisher Declaration. Should Plaintiffs fail to file such a motion within four days of this Order, the documents shall be unsealed.

**Conclusion**

For the second time in this proceeding, the parties have failed to comply with the requirements of Local Rule 5(g). (See Dkt. No. 70.) These failures create unnecessarily duplicative work for the parties and the Court. The Court ORDERS as follows:

1. Plaintiffs must refile the sealed exhibits to the Baum Declaration (Dkt. No. 114) such that each exhibit is presented as a separate attachment. Plaintiffs must re-file the sealed exhibits within four days of this Order.

2. The Court DENIES Plaintiffs' motion with respect to exhibits 1 and 12 to the Baum Declaration. If Plaintiffs do not file a renewed motion that cures the defects noted above within four days, the documents shall be unsealed.

3. The Court further DENIES Plaintiffs' motion with respect to exhibits 59, 60, 65, 66, 71, 75, 80, and 81 to the Baum Declaration. Plaintiffs must serve a copy of this Order on ChronoTrack and Tacit within four days and file a certificate of service with the Court. ChronoTrack and Tacit have ten days from the date of service to make the requisite showing under Local Rule 5(g). If those nonparties fail to make such a showing, the documents will be unsealed.

4. The Court DENIES Plaintiffs' motion to seal exhibit 76 to the Baum Declaration. Unless Defendants file a motion to seal within four days of this Order, exhibit 76 to the Baum Declaration shall be unsealed.

5. The Court GRANTS Plaintiffs' motion with respect to exhibits 16, 31, 32, and 35. The Court will direct the Clerk to preserve those documents under seal after Plaintiffs re-file the necessary exhibits to the Baum Declaration.

6. The Court DENIES Defendants' motion to seal. Should Plaintiffs wish to preserve the exhibits to the Fisher Declaration under seal, they must file a motion setting forth compelling reasons within four days of this Order.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 4th day of March, 2010.

Marsha J. Pechman
United States District Judge