UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ULTIMATE TIMING, L.L.C., a Washington limited liability company; and ARASH KIA, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID SIMMS, an individual; SA INNOVATIONS, LLC d/b/a SAI TIMING & TRACKING, a Michigan limited liability company,<br><br>Defendants. | Case No. C08-1632-MJP<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

This matter comes before the Court on Defendants' motion for reconsideration. (Dkt. No. 185.) The Court has reviewed the motion, the underlying order, and the balance of the record. For the reasons set forth below, the Court DENIES the motion with respect to the dismissal of Simms's Washington Securities Act Claim, but GRANTS the motion with respect to the legal standard which must be applied.

**Background**

This matter involves a dispute over the creation of a purportedly novel race timing system using radio frequency identification technology. Defendant Simms's counterclaim includes a claim under Washington's Securities Act, RCW. 21.20, et seq. (Counterclaim ¶¶ 59-67.) Simms alleges Kia sold him a "security" and made material misrepresentations during the course of the sale. (Id.) The Court granted Plaintiffs' motion for summary

ORDER - 1
(Case No. 2:08-CV-01632-MJP)

judgment on the claim and Simms moved for reconsideration.  (Dkt. No. 185.)

**Discussion**

Reconsideration may be appropriate where the Court has erred in its statement of the law or facts.  See Local Rule 7(h).  While the change has no effect on the outcome of the Court's decision, the Court rephrases Section VI in its prior order as follows:

VI. Washington Securities Act

Finally, Plaintiffs are entitled to summary judgment on Defendants' securities claim. RCW 21.20.005(12)(a) defines the term "security" as including:

> any note; stock; treasury stock; bond; debenture; evidence of indebtedness; certificate of interest or participation in any profit-sharing agreement; collateral-trust certificate; preorganization certificate or subscription; transferable share; investment contract; investment of money or other consideration in the risk capital of a venture with the expectation of some valuable benefit to the investor where the investor does not receive the right to exercise practical and actual control over the managerial decisions of the venture…

RCW 21.20.005(12)(a).  The Court values substance over form in determining whether a transaction includes a security.  Cellular Engineering, Ltd. v. O'Neill, 118 Wn.2d 116, 24-25 (1991).  Defendants insist the claim should not be dismissed because Simms's capital contribution was either (1) an investment contract or (2) a risk capital investment.  (Dkt. No. 127 at 30.)  Neither argument is persuasive.

First, Simms's investment was not an "investment contract" within the ambit of Washington's Securities Act.  The third prong of the Howey test, which analyzes whether investment contracts are securities, looks to whether the profits on an enterprise "come primarily or substantially from the efforts of others."  Cellular Engineering, 118 Wn.2d at 25-26; see also Ito Int'l Corp. v. Prescott, Inc., 83 Wn. App. 282, 291 (1996) (citing S.E.C. v. W.J. Howey Co., 328 U.S. 293, 298-99 (1946)).[1]  Though limited partnership interests are

---

[1] In full, the Howey test defines a security as "(1) an investment of money (2) in a common enterprise and (3) the efforts of the promoter or a third party must have been fundamentally significant ones that affected the investment's success or failure."  Ito, 83 Wn. App. at 291.

ORDER - 2
(Case No. 2:08-CV-01632-MJP)

generally considered securities, the protections only apply when there is passive investment. State v. Argo, 81 Wn. App. 552, 564-65 (1996) (citations omitted). Where parties have negotiated an investment at the time of partnership formation (instead of merely negotiating the quantity of money exchanged after a partnership exists), Washington courts have found "investors do not need the protections of the securities laws." Id. at 565.

Second, Simms's capital contribution was not a "risk capital investment." A risk capital investment may arise "where the investor does not receive the right to exercise practical and actual control over the managerial decisions of the venture." RCW 21.20.005(12)(a); see also Sauve v. K.C., Inc., 91 Wn.2d 698, 702 (1979) (applying a version of RCW 21.20.005(12) that did not include "risk capital") (describing a risk capital investment as one "with a reasonable expectation of a valuable benefit but without the right to control the enterprise"). Though the risk capital definition is distinct from the definition of an investment contract, some courts in Washington appear to combine their analyses of both concepts under the Howey definition. See Ito, 83 Wn. App. at 290-91.

Under either formulation of security, Simms's own description of the investment requires dismissal of the counterclaim. Simms explains he "agreed to provide limited funding to Kia and Ultimate Timing to commercialize the system and to help market the timing system in exchange for a 20% ownership and profit interest in Ultimate Timing." (Simms Decl. ¶ 5.) He concedes he made efforts to ensure the success of the enterprise: "I spent substantial time and effort marketing the timing system to race directors and race timers during the time I was working with Kia and Ultimate Timing." (Id. ¶ 8.) Simms authorized Kia to offer Tacit ten cents a tag after the Falmouth race. (Baum Decl., Ex. 4 (Simms Dep.) at 222:02-223:05.) Simms's capital contribution was not an investment contract because Ultimate Timing's profitability turned on his own ability to market the system to timers and races. Likewise, it was not a "risk capital investment" because Simms exercised practical or actual control over the entity.

ORDER - 3
(Case No. 2:08-CV-01632-MJP)

1  Plaintiffs are entitled to summary judgment on Defendants' claim for violation of
2  Washington's Securities Act and the claim is dismissed.

### Conclusion

4  The Court therefore GRANTS Defendants' motion with respect to the certain
5  portions of the definition of a "risk capital investment," but DENIES the motion of its
6  determination that Plaintiffs are entitled to summary judgment on the counterclaim.  The
7  Clerk shall transmit a copy of this Order to all counsel of record.

8  Dated this 29th day of June, 2010.

Marsha J. Pechman
United States District Judge

ORDER - 4
(Case No. 2:08-CV-01632-MJP)